[840 NE2d 123, 806 NYS2d 154]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERMAN TURNER, Respondent.

Argued October 20, 2005; decided November 17, 2005

## POINTS OF COUNSEL

*Charles J. Hynes, District Attorney,* Brooklyn (*Sholom J. Twersky, Leonard Joblove* and *Victor Barall* of counsel), for appellant. Defendant was not denied the effective assistance of appellate counsel. (*Clark v Stinson,* 214 F3d 315; *People v Satterfield,* 66 NY2d 796; *People v Stultz,* 2 NY3d 277; *People v Baldi,* 54 NY2d 137; *Evitts v Lucey,* 469 US 387; *Jones v Barnes,* 463 US 745; *People v White,* 73 NY2d 468, 493 US 859; *United States ex rel. Roche v Scully,* 739 F2d 739; *Curzi v United States,* 773 F Supp 535, 973 F2d 107, 507 US 954; *Mayo v Henderson,* 13 F3d 528.)

*Legal Aid Society Criminal Appeals Bureau,* New York City (*Katheryne M. Martone* and *Laura R. Johnson* of counsel), for respondent. As the Appellate Division correctly held, Herman Turner was first denied the effective assistance of counsel at trial when his lawyer failed to assert the time bar, though he was objecting on other grounds, to the submission of the undisputably time-barred offense of which Mr. Turner was eventually convicted, and again on appeal, when appellate counsel failed to apprehend that Mr. Turner's conviction was time-barred but for his lawyer's default at trial, a claim fully and readily cognizable on appeal. (*Strickland v Washington,* 466 US 668; *People v Baldi,* 54 NY2d 137; *Evitts v Lucey,* 469 US 387; *People v Casiano,* 67 NY2d 906; *Jackson v Leonardo,* 162 F3d 81; *Kimmelman v Morrison,* 477 US 365; *People v Stultz,* 2 NY3d 277; *Greer v Mitchell,* 264 F3d 663, 535 US 940; *People v Droz,* 39 NY2d 457; *People v Satterfield,* 66 NY2d 796.)

R.S. SMITH, J.

Very rarely, a single lapse by otherwise competent counsel compels the conclusion that a defendant was deprived of his constitutional right to effective legal representation. This is such a rare case, in which both defendant's trial and appellate lawyers failed to perceive that a statute of limitations defense would have prevented their client's manslaughter conviction. We conclude that this error requires setting the conviction aside, and we therefore affirm the Appellate Division's grant of a writ of error coram nobis.

## Facts and Procedural History

In 1982, Donald Holloman was killed by gunshots on a Brooklyn street corner. According to several witnesses, defendant fired the fatal shots, then fled. He was not seen again in the neighborhood for years, and was not arrested until 1998, almost 16 years after the crime.

Defendant was indicted for murder in the second degree, a crime for which there is no statute of limitations (CPL 30.10 [2] [a]). At his trial in 1999, the prosecutor asked the court to instruct the jury that it could convict defendant of manslaughter in the first degree, as a lesser included offense. Defendant's trial counsel opposed the prosecutor's request, saying that defendant "does not want to give a jury the chance to compromise," but did not mention any statute of limitations problem— though manslaughter, unlike murder, is subject to a five-year statute (CPL 30.10 [2] [b]).

The trial judge instructed the jury that, if it found defendant not guilty of murder, it should consider whether he was guilty of manslaughter. The jury acquitted him of murder but convicted him of manslaughter, and defendant appealed. His appellate counsel devoted her brief in the Appellate Division to a single issue: she claimed that a violation of *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) entitled defendant to a new trial. The argument was a substantial one and the brief presented it well, though unsuccessfully.

The appellate brief was filed in June 2000. Before it was filed, defendant wrote to his appellate lawyer, mentioning the possibility that his manslaughter conviction should have been barred by the statute of limitations. The lawyer replied that the statute of limitations was "not a strong issue for appeal," for

two reasons. First, the lawyer said that the defense lacked merit, because defendant's indictment for murder was not time-barred and therefore "it was not improper for the jury to have considered the lesser included offense of manslaughter." Secondly, she said that, because trial counsel had not raised the statute of limitations below, the issue was not preserved for appellate review. She did not mention the possibility of arguing that trial counsel was ineffective for failing to preserve the issue.

The Appellate Division affirmed defendant's conviction (281 AD2d 568 [2d Dept 2001]), and a Judge of this Court denied leave to appeal. Defendant applied to the Appellate Division for a writ of error coram nobis, asserting that his appellate counsel had been ineffective because, among other things, she failed to raise the statute of limitations issue. The Appellate Division denied relief (285 AD2d 659 [2d Dept 2001]), and defendant filed a petition for federal habeas corpus.

The United States District Court for the Eastern District of New York denied defendant relief, but suggested that he might eventually prevail on the claim—not specifically raised in his first coram nobis application—that his appellate counsel should have argued that his trial counsel was ineffective. The District Court held that it could not consider this claim until it had been unsuccessfully presented to the state courts (*Turner v Sabourin*, 217 FRD 136, 146-147 [ED NY 2003]). Taking the hint, defendant returned to the Appellate Division, and filed a second petition for a writ of error coram nobis, which the Appellate Division granted. A Judge of this Court granted the People leave to appeal, and we now affirm.

## Discussion

### I

The Sixth Amendment to the United States Constitution provides that a defendant shall "enjoy the right . . . to have the Assistance of Counsel for his defence." Similarly, article I, § 6 of the State Constitution provides that "[i]n any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions." It is well established that these constitutional rights are violated if a defendant's counsel fails to meet a minimum standard of effectiveness, and defendant suffers prejudice from that failure (*Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*,

54 NY2d 137 [1981]). In *Strickland* the United States Supreme Court adopted a two-pronged test for ineffective assistance, holding that a defendant must show, first, "that counsel's representation fell below an objective standard of reasonableness" (466 US at 688) and, secondly, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at 694). *Strickland* holds that the minimum standard of performance required by the Sixth Amendment is a very tolerant one:

> "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (466 US at 689.)

Our ineffective assistance cases have departed from the second ("but for") prong of *Strickland*, adopting a rule somewhat more favorable to defendants (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Stultz*, 2 NY3d 277, 284 [2004]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]). Our cases, however, agree with *Strickland* on the first prong. We have said that "counsel's efforts should not be second-guessed with the clarity of hindsight" and that our Constitution "guarantees the accused a fair trial, not necessarily a perfect one" (*People v Benevento*, 91 NY2d at 712). We have also held that, in general, the issue is whether counsel's performance "viewed in totality" amounts to "meaningful representation" (*People v Baldi*, 54 NY2d at 147). But our decisions, and the United States Supreme Court's, have recognized that there may be cases in which a single failing in an otherwise competent performance is so "egregious and prejudicial" as to deprive a defendant of his constitutional right (*People v Caban*, 5 NY3d at 152; *Murray v Carrier*, 477 US 478, 496 [1986]).

Such cases are rare—indeed, this may be the first one this Court has encountered. Two of our decisions have rejected ineffective assistance claims despite significant mistakes by defense counsel (*People v Hobot*, 84 NY2d 1021 [1995]; *People v Flores*, 84 NY2d 184 [1994]). Those cases hold, and we reaffirm today, that such errors as overlooking a useful piece of evidence (*Hobot*), or failing to take maximum advantage of a *Rosario* violation (*Flores*), do not in themselves render counsel constitution-

ally ineffective where his or her overall performance is adequate. But neither *Hobot* nor *Flores* involved the failure to raise a defense as clear-cut and completely dispositive as a statute of limitations. Such a failure, in the absence of a reasonable explanation for it, is hard to reconcile with a defendant's constitutional right to the effective assistance of counsel.

## II

The ultimate issue here is whether appellate counsel was ineffective for failing to argue that trial counsel was ineffective. That question depends on whether trial counsel was clearly ineffective, and that question in turn depends on how strong defendant's statute of limitations defense was. We conclude that it was a winning argument; that trial counsel could not reasonably have thought that the defense was not worth raising; that appellate counsel could not reasonably have thought that she should not argue trial counsel's ineffectiveness; and that therefore an "egregious and prejudicial" error, rising to the level of ineffective assistance, has occurred.

The argument that trial counsel could and should have made in opposing the submission of the manslaughter count to the jury was simple: Manslaughter is subject to a five-year statute of limitations that can be tolled under some circumstances, but for no more than five additional years (CPL 30.10 [2] [b]; [4] [a]); here, defendant was not prosecuted until 16 years after his crime; even with the maximum tolling, the prosecution came some six years too late. While the People did have a possible counterargument, it was a weak one—certainly not one that could justify a decision by defendant's trial counsel to abandon the statute of limitations defense.

The People could have made the argument that defendant's appellate counsel later advanced in her letter to defendant— that, since the indictment for murder was not time-barred, submission of the otherwise time-barred count of manslaughter as a lesser included offense was proper. In her letter, appellate counsel cited only one case that could have supported this argument, *People v Dowling* (1 NY Crim Rep 529 [Oyer and Terminer, Albany County 1884]). *Dowling* was a 116-year-old trial court decision; appellate counsel's letter did not mention a more recent, though still old, Appellate Division decision going the other way, *People v Di Pasquale* (161 App Div 196 [3d Dept 1914]). A later affirmation by appellate counsel says that she was aware of *Di Pasquale*, but thought there were valid reasons,

including *Di Pasquale*'s failure to mention *Dowling* and the existence of an alternative basis for the *Di Pasquale* result, for rejecting or distinguishing it.

Appellate counsel's apparent conclusion that *Di Pasquale* was not worth citing was not a reasonable one, even by the undemanding standard we apply in ineffective-assistance cases. *Di Pasquale*, though old, was still a valid precedent, binding on all trial-level courts in the state (*see Mountain View Coach Lines v Storms*, 102 AD2d 663, 664-665 [2d Dept 1984]) and entitled to respect by appellate courts. Neither the failure to cite an 1884 Oyer and Terminer case nor the existence of an alternative holding seriously impaired *Di Pasquale*'s precedential force. The *Di Pasquale* court had carefully considered, and squarely rejected, the only argument that would have been available to the People in the present case, if the People had been confronted with a statute of limitations defense to the manslaughter count. The *Di Pasquale* court explained that the status of a charge (attempted murder, in that case) as a lesser included count of murder could not overcome the statute of limitations: "[U]nder the indictment [for murder] the defendant could be convicted only of murder, and . . . the lapse of time prevents a conviction for any other crime in connection with the death" (161 App Div at 198).

More recent authority, though not technically binding, would have strengthened defendant's statute of limitations argument. In *People v Hughes* (220 AD2d 529, 532 [2d Dept 1995]), the Appellate Division relied on *Di Pasquale* for the proposition that "an uncharged misdemeanor which could not have been timely raised in the accusatory instrument may not be charged as a lesser included offense." While *Hughes* is distinguishable from this case, on the ground that in *Hughes* "the time-barred misdemeanor charge was not a valid lesser inclusory count" (*id.*), it strongly suggested that *Di Pasquale* was not a dead letter. There was also non-New York authority approving of and following *Di Pasquale* (*Padie v State*, 557 P2d 1138, 1140 [Alaska 1976]; *State v King*, 140 W Va 362, 368, 84 SE2d 313, 316 [1954]; *Drott v People*, 71 Colo 383, 384, 206 P 797, 798 [1922]; *Askins v United States*, 251 F2d 909, 911 [DC Cir 1958]).

It is true that there existed some New York lower court decisions that might have been cited by the People in opposing defendant's statute of limitations defense (*People v Cuddihy*, 170 Misc 2d 592 [Nassau County Ct 1996]; *People v Norman*, 150 Misc 2d 583 [Crim Ct, Bronx County 1991]). Perhaps the

law on this point was not definitively settled until 2003, when we observed in *People v Mills* (1 NY3d 269, 272 n 2 [2003]): "Of course, the People could not have requested that the jury be charged with respect to any of the lesser included offenses, including second-degree manslaughter, because they were time-barred." But, as the expression "of course" implies, before *Mills* there were strong indications that the defense had the better of the argument. A reasonable defense lawyer at the time of defendant's trial might have doubted that the statute of limitations argument was a clear winner—but no reasonable defense lawyer could have found it so weak as to be not worth raising. Yet defendant's trial counsel did not raise it.

Trial counsel's error should have been apparent to any reasonable appellate counsel, and should have prompted that counsel to make an ineffective assistance argument. It is true that, as defendant's appellate lawyer pointed out in her letter, an attempt to argue the statute of limitations issue on appeal might well have failed because the point had not been raised below. But that in itself should have suggested to defendant's appellate lawyer that defendant had been victimized by his trial lawyer's mistake. Giving due weight to the danger of judging appellate counsel's decisions by hindsight, we think that it should have been obvious that an ineffective assistance argument was called for.

### III

The People contend on this appeal that defendant's trial and appellate counsel could both reasonably have believed that the statute of limitations defense was so weak that it could be ignored. We have explained why we think otherwise. But the People also make two other arguments. They say, first, that trial counsel was not ineffective because a reasonable trial attorney might actually have welcomed the submission of the manslaughter count to the jury; and, secondly, that appellate counsel was not ineffective because she could reasonably have thought her *Rosario* argument was stronger than an argument based on the ineffective assistance of trial counsel. Both of these contentions by the People are ill-founded.

It is true that whether to object to the submission of a lesser included offense is often a strategic decision that could reasonably be made either way. A defendant who thinks his chances of acquittal are small may welcome giving the jury an opportunity for a compromise verdict (*see People v Boettcher*, 69 NY2d 174,

182 n 3 [1987] ["the availability of a lesser included offense may be advantageous to the defendant"]). In this case, trial counsel could reasonably have advised his client to consent to the People's request that the jury be allowed to convict defendant of manslaughter. But if such advice was given, it was not followed; defendant decided to gamble on acquittal, as his trial counsel's objection to the submission of the manslaughter charge shows. Once that decision was made, it could not have been rational for trial counsel to abandon a statute of limitations defense that would have prevented the charge from being submitted.

The People rely on our holding in *People v Satterfield* (66 NY2d 796, 799 [1985]) that, in ineffective assistance cases, counsel's "subjective reasons" for a decision are irrelevant, so long as "[v]iewed objectively," the course counsel pursued was one "that might well have been pursued by a reasonably competent attorney." But that holding does not apply here. The course defendant's trial counsel pursued was to object to submission of the manslaughter count, without mentioning that the count was barred by the statute of limitations. No competent attorney would do this intentionally. *Satterfield* does not hold, as the People seem to suggest, that any blunder by counsel may be ignored if the result of the blunder (in this case, submission of the manslaughter count to the jury) is one that a reasonably competent attorney might have sought.

In saying that defendant's appellate counsel could reasonably have preferred her *Rosario* argument to an argument based on the ineffective assistance of trial counsel, the People ignore the obvious: Counsel could have made both arguments. It is true that, as we said in *People v Stultz* (2 NY3d at 285), "[e]ffective appellate representation by no means requires counsel to brief or argue every issue that may have merit. . . . [A]ppellate lawyers have latitude in deciding which points to advance . . . ." But this does not mean that an appellate lawyer is always justified in omitting an argument that has a good chance to win the case, solely because he or she may reasonably think one other argument is even better.

This might be a different case if defendant's appellate counsel had found herself choosing among half a dozen, or even four or five, substantial arguments, and had decided not to make them all. Certainly, it is often appropriate for an appellate attorney to focus his or her efforts, and the appellate court's attention, on a small number of points, and the attorney's selection of those

points should not be second-guessed in a coram nobis proceeding. But here, defendant's appellate counsel raised only one point on appeal. Admittedly, the point was substantial, and it was a complicated one—her brief was 31 pages long, and the length does not seem excessive. But there was no reasonable basis for concluding that the brief would suffer from having a second point, where an argument as strong as the one that she omitted was available.

## IV

In short, we agree with the Appellate Division that appellate counsel's failure to argue that trial counsel had been ineffective in failing to assert a statute of limitations defense to the manslaughter charge fell short of an objective standard of reasonableness, even applying the deferential standard that is appropriate in considering issues of this kind. We also agree with the Appellate Division that, if appellate counsel had made the argument she should have made, defendant's conviction would have been reversed. It follows that defendant was deprived of his constitutional right to the effective assistance of appellate counsel, and that the Appellate Division correctly granted his petition for a writ of error coram nobis.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed.