■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDRO RIVERA, Appellant. [845 NYS2d 636]—

Appeal from a judgment of the Monroe County Court (Frank

P. Geraci, Jr., J.), rendered June 18, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law and a new trial is granted on counts one and two of the indictment.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2]), defendant contends that he was denied effective assistance of counsel based solely on defense counsel's decision not to join in the prosecutor's challenge for cause to a prospective juror. We agree with defendant that this is one of those rare cases "in which a single failing in an otherwise competent performance is so 'egregious and prejudicial' as to deprive a defendant of his constitutional right" to effective assistance of counsel (*People v Turner*, 5 NY3d 476, 480 [2005]).

In response to a question by the prosecutor whether any prospective juror would have difficulty being fair and impartial with respect to the charge that defendant possessed heroin with the intent to sell it, a prospective juror raised her hand and stated that she was "embarrassed to really say it, but [she had] trouble with the intent to sell" and, for defendant's "sake, [she] probably wouldn't be able to go in with an open mind." In response to a question by County Court whether she "would have difficulty setting aside that feeling," the prospective juror responded "Uh-huh." The court thereafter asked whether either the prosecutor or defense counsel objected to excusing the prospective juror, and defense counsel indicated that he had a problem excusing her at that point. Defense counsel then reminded the prospective juror that the court had instructed the prospective jurors that, if a vote with respect to defendant's guilt were to be taken at that time, the jury would have to find defendant not guilty because no evidence had been presented. When asked whether she would have difficulty "rendering that verdict now if asked to do so," the prospective juror responded "I don't know." Defense counsel stated that, if there was no evidence, "[y]ou can't find him guilty of anything. Is that okay?" The prospective juror then responded "Um-hum." The prosecutor challenged the prospective juror for cause, despite his belief that she would be "beneficial" to his case. Defense counsel stated that there "might be a question" with respect to the prospective juror but he believed that, when questioning her, "she

indicated pretty clearly that she would decide the case on the evidence." The court stated to defense counsel, "She seemed to indicate that she has a problem with the intent to sell drugs." The court then asked defense counsel, "[it] doesn't bother you?" and defense counsel responded in the negative.

We conclude that the prospective juror "cast serious doubt on [her] ability to render a fair verdict" (*People v Bludson*, 97 NY2d 644, 646 [2001]), and she "never 'thereafter gave the requisite unequivocal assurances that [her] prior state of mind would not influence [her] verdict and that [she] could be fair and impartial' " (*People v Bracewell*, 34 AD3d 1197, 1199 [2006]). Although defense counsel's decision not to consent to the removal of the prospective juror from the panel for cause may have been one of strategy (*see People v Thomas*, 244 AD2d 271 [1997], *lv denied* 91 NY2d 898 [1998]), we conclude that any such strategy "fell short of an objective standard of reasonableness" (*Turner*, 5 NY3d at 485), and we thus conclude that defendant was denied a fair trial.

All concur except Centra and Pine, JJ., who dissent and vote to affirm in the following memorandum.

Centra and Pine, JJ. (dissenting). We respectfully dissent and would affirm the judgment of conviction. In our view, the contention of defendant that he was denied effective assistance of counsel based solely on defense counsel's failure to join in the prosecutor's challenge for cause to the prospective juror in question involves matters of strategy outside the record on appeal (*see People v Vilfort*, 33 AD3d 368 [2006], *lv denied* 7 NY3d 929 [2006]). "The record does not reveal on what basis counsel might have concluded that [this was a] desirable juror[ ] for the defense . . . , [and] counsel may have been influenced by [this prospective juror's] demeanor, which is not reflected in the record" (*id.* at 369).

To the extent that we are able to review defendant's contention on the record before us, we cannot agree with the majority that defendant was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Wright*, 297 AD2d 875 [2002]). Although in certain rare cases "a single failing in an otherwise competent performance is so 'egregious and prejudicial' as to deprive a defendant of his constitutional right" to effective assistance of counsel (*People v Turner*, 5 NY3d 476, 480 [2005]), this is not one of those rare cases. While certain initial comments of the prospective juror during voir dire indicated that she had prejudged the case, she later indicated in response to questioning by defense counsel that she understood that she could not find defendant guilty

without first hearing any evidence. Defense counsel's strategic decision not to join in the prosecutor's challenge for cause to the prospective juror should not be second-guessed in hindsight (*see People v De Marco*, 33 AD3d 1045, 1046 [2006]; *People v Davis*, 15 AD3d 930, 932 [2005], *lv denied* 5 NY3d 761 [2005]; *see also People v Thomas*, 244 AD2d 271 [1997], *lv denied* 91 NY2d 898 [1998]). In any event, even assuming, arguendo, that defense counsel erred in failing to join in the prosecutor's challenge for cause to the prospective juror, we conclude that defense counsel's "single failing in an otherwise competent performance" did not deny defendant effective assistance of counsel (*Turner*, 5 NY3d at 480; *see People v Turck*, 305 AD2d 1072, 1073 [2003], *lv denied* 100 NY2d 566 [2003]). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.