Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about September 16, 2011, which denied defendant’s CPL 440.10 motion to vacate judgment, unanimously reversed, on the law and the motion granted to the extent of remanding the matter to Supreme Court for a new suppression hearing. Appeal from judgment, same court and Justice, *428 rendered October 21, 2009, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, held in abeyance pending the outcome of the remand ordered herein.
Defendant did not receive effective assistance of counsel at his suppression hearing. Counsel failed to make use of available evidence that would have been dispositive (see generally People v Turner, 5 NY3d 476, 481 [2005]).
At the hearing, two police officers testified that an unnamed 911 caller gave a description and location for a man with a firearm, and stated that she was calling on a cell phone belonging to someone else. The officers testified that the 911 dispatcher had successfully recontacted, and received additional information from, the caller. The police went to the reported location, observed that defendant met the reported description, and conducted a stop and frisk that yielded a firearm. Relying on testimony about a callback, the suppression court found that the caller was not “totally anonymous.”
However, the police testimony about a successful callback to the anonymous informant was entirely inaccurate. Tape recordings and a Sprint report established that the attempted callback went directly to voicemail, and they completely contradicted the officers’ testimony on this point. Defense counsel had been provided with this material, but failed to use it in any way at the hearing. Although the court denied the CPL 440 motion without a hearing, we find that there is no reasonable strategy that would have justified counsel’s failure to challenge the officers’ testimony in this regard (see People v Rivera, 71 NY2d 705, 709 [1988]).
It is arguable that in the absence of a successful callback, the 911 call might simply have been an uncorroborated anonymous tip unsupported by any indicia of reliability that would have established reasonable suspicion and justified the seizure (see Florida v J.L., 529 US 266 [2000]; compare People v Herold, 282 AD2d 1, 6-7 [2001], lv denied 97 NY2d 682 [2001]). Without the benefit of an affirmation by defense counsel, the motion court concluded that “counsel might well have chosen to forgo introducing the recording showing that the callback did not result in further information to avoid having the court assess the full flavor of the caller’s interaction with the 911 operator.” The court’s reasoning defies logic and is simply unsupported by the record. We decline to dismiss the indictment on the ground that the People should have known that the police officers testified falsely about the callback (see CPL 440.10 [1] [c]). As noted, *429 the People had provided defense counsel with tape recordings and a Sprint report that showed that the callback to the unidentified caller had gone to voicemail. On this record, we conclude that the People’s failure to timely bring the inaccuracy of the officers’ testimony to the court’s attention was due to inadvertence rather than fraudulent conduct. We have considered and rejected the People’s argument that there were other indicia of reliability. Concur — Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.