13-3934-pr
*Cummings v. LaValley*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 7th day of November, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
               PETER W. HALL
               SUSAN L. CARNEY,
                       *Circuit Judges.*

_____

ELIJAH CUMMINGS,

                    *Petitioner-Appellant*,

                 v.                                              No. 13-3934-pr

THOMAS LAVALLEY,

                    *Respondent-Appellee*.

_____

For Petitioner-Appellant:          EUNICE C. LEE, Office of the Appellate Defender, New York, NY (Richard M. Greenberg, Office of the Appellate Defender, New York, NY, and Caroline I. Lents, Jones Day, New York, NY, *on the brief*)

For Respondent-Appellee:          LISA ELLEN FLEISCHMANN, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*),

*for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Elijah Cummings appeals from a judgment entered on September 20, 2013, by the United States District Court for the Southern District of New York (Sweet, *J.*), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254(d)(1). Specifically, he argues that the New York Court of Appeals failed to reasonably apply the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 694 (1984), when it denied his ineffective assistance of counsel claim under the New York Constitution. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As this Court has recognized previously, the standard for ineffective assistance of counsel under the New York Constitution differs from the standard under the Federal Constitution in one critical way. Under the federal standard, a criminal defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, whereas under the New York standard, a criminal defendant need show only that counsel's "error affected the 'fairness of the process as a whole.'" *Rosario v. Ercole*, 601 F.3d 118, 124 (2d Cir. 2010) (quoting *People v. Benevento*, 697 N.E.2d 584, 588 (N.Y. 1998)). The New York standard is understood to subsume the federal standard because it is considered more protective of criminal defendants. *See Rosario*, 601 F.3d at 124 (citing *People v. Turner*, 840 N.E.2d 123, 125-26 (N.Y. 2005)). "Properly applied,"

therefore, the New York standard is "not contrary to *Strickland*." *Rosario*, 601 F.3d at 126. Rather, "by its nature [the New York standard] must always encompass prejudice [analysis]." *Id.* at 125. Moreover, a New York state court is not required to decide a case "in *Strickland* terminology" in order to conform with the federal standard. *See id.* at 127 (citation omitted).

As the *Rosario* majority cautioned, however, there is a possibility that "some [New York state] courts might misunderstand the New York standard and look past a prejudicial error as long as counsel conducted himself in a way that bespoke of general competency throughout the trial. That would produce an absurd result inconsistent with New York constitutional jurisprudence and the mandates of *Strickland*." *Id.* at 126. Cummings argues that this case presents such a scenario. We disagree.

First, while the Court of Appeals did not explicitly rely on the *Strickland* standard, its decision nevertheless makes clear that it implicitly considered whether Cummings's counsel committed prejudicial error as required under *Strickland*. In describing the relevant legal inquiry under New York law, the Court of Appeals emphasized that where **"**a single error or omission . . . was 'so egregious *and prejudicial*' as to deprive defendant of a fair trial," the representation of counsel cannot be meaningful. J.A. 20 (quoting *Turner,* 840 N.E.2d at 126) (emphasis added). Moreover, in reaching its conclusion under this standard, the Court of Appeals focused exclusively on the single error alleged: namely, that Cummings's counsel failed at the close of the People's case to move to dismiss the burglary charge on the grounds that the evidence did not support the conclusion that the precinct was a "dwelling." To conclude, therefore, that the Court of Appeals looked past the alleged error because it believed that the totality of counsel's representation was meaningful is simply not consistent with the text of the decision.

3

Second, the Court of Appeals's application of the prejudice prong was not unreasonable. In the very first paragraph of its decision, the Court of Appeals explained that "[a] building is considered a dwelling, if it is usually occupied by a person lodging therein at night." J.A. 19 (internal quotation marks and citations omitted). But, the Court continued, "[b]y using the phrase 'usually occupied' to define a dwelling the Legislature clearly intended to enact a flexible standard [and a]ccordingly, there is no requirement that the building must always be a home or what would normally be considered a residence." *Id.* (internal quotations marks and citations omitted). We are satisfied that this discussion, though brief, demonstrates that the Court of Appeals's analysis was not unreasonable because it considered the underlying merits of Cummings's dwelling argument. In addition, we find that the conclusion the Court of Appeals reached was not unreasonable because the dormitories in the precinct bore many of the customary indicia of a residence, including that officers "routinely" slept there overnight and that the dormitory rooms were not used for other purposes. J.A. 29; *see also People v. Quattlebaum*, 698 N.E.2d 421, 423 (N.Y. 1998) (describing the standard for a "dwelling" under N.Y. Penal Law § 140.00[3]).

For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK