This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------
The People &c.,
            Respondent,
        v.
Davon Harris,
            Appellant.

Alexis A. Ascher, for appellant.
Christine DiSalvo, for respondent.

LIPPMAN, Chief Judge:

On the night of August 4, 2002, the complainant awoke in the dwelling where she was passing the night, to the sight of a man standing over her. She screamed and the man fled, but, as it turned out, not without leaving markers of his intrusion. In December 2010, DNA recovered from the complainant's pajama shirt

- 1 -

directly after the 2002 incident was matched to defendant's DNA profile, and that match was confirmed using a buccal swab obtained from defendant in 2011. On the strength of those findings and the complainant's report that a pair of earrings was missing from the apartment in the near aftermath of the 2002 intrusion, defendant was in February 2011 indicted for burglary in the second degree (Penal Law § 140.25) and petit larceny (Penal Law § 155.25). The former charge was timely interposed,[1] but the latter was not, the applicable statutory period having run some 1 1/2 years before the filing of the accusatory instrument.[2] This last circumstance notwithstanding, defendant's trial counsel never obtained the time-barred count's dismissal. The jury consequently considered the two counts in tandem; indeed, the case was prosecuted upon the theory that defendant entered the dwelling where the complainant was sleeping with the intent to commit a theft, namely, the charged petit larceny.

On his appeal from the judgment convicting him of both indicted offenses, defendant argued that the trial court's denial of his for-cause challenge to a prospective juror, a gentleman

---

[1]Burglary in the second degree, a class C felony is subject to a five-year statutory period, which can be tolled for up to five years (CPL 30.10 [2] [b], [4] [a]). Here, the burglary prosecution commenced some 8 1/2 years after the charged offense was timely by reason of the applicability of the toll.

[2]Petit larceny, a class A misdemeanor is subject to a two-year statutory period (CPL 30.10 [2] [c]), so that even with the applicable five-year toll (CPL 30.10 [4] [a]), it was not, in 2011 timely charged based upon conduct dating back to 2002.

referred to as Mr. O, operated to deprive him of his right to a fair and impartial jury, and that his trial counsel's failure to have the time-barred petit larceny count dismissed constituted ineffective assistance.  The Appellate Division, however, affirmed the judgment of conviction, characterizing defendant's for-cause challenge to the empaneling of Mr. O as unfounded, and noting without elaboration that defendant had not "demonstrat[ed] the absence of strategic or other legitimate explanations for counsel's alleged shortcoming" (115 AD3d 872 [2d Dept 2014] [internal citation and quotation marks omitted]).  A Judge of this Court granted defendant permission to appeal (23 NY3d 1062 [2014]), and we now modify to the extent of granting defendant relief upon his ineffective assistance claim.

Defendant's contention that the court erred in denying his for-cause challenge to Mr. O arises out of portions of the voir dire in which Mr. O advanced innocent explanations for untruthfulness -- he offered that a witness might testify untruthfully by reason of forgetfulness or might simply be unintentionally mistaken.  This prompted the court to inquire whether Mr. O agreed that "[s]ometimes people can lie knowing they are lying," to which Mr. O responded "[r]ight."  Defendant's argument, that Mr. O's responses raised a substantial, unsatisfactorily resolved question as to whether he understood that a witness, even though under oath, could give knowingly false testimony, is, we think, premised on a strained

interpretation of Mr. O's responses that the court was not
obliged to adopt.  Mr. O's natural willingness to entertain
ethically benign explanations for untruthfulness did not bespeak
utter credulity in the face of sworn averment; it did not
reasonably raise a red flag that he possessed "a state of mind
that [was] likely to preclude him from rendering an impartial
verdict" (CPL 270.20 [1] [b]).  We have in this connection
recognized that,

> "most if not all jurors bring some
> predispositions, of varying intensity, when
> they enter the jury box. It is only when it
> is shown that there is a substantial risk
> that such predispositions will affect the
> ability of the particular juror to discharge
> his responsibilities (a determination
> committed largely to judgment of the Trial
> Judge with his peculiar opportunities to make
> a fair evaluation) that his excuse is
> warranted"

(People v Williams, 63 NY2d 882, 885 [1984]; accord People v
Johnson, 94 NY2d 600, 613 [2000]).  It is plain that this
"substantial risk" threshold was not crossed by Mr. O's
statements.  Nothing said by Mr. O cast significant doubt on his
ability to follow the standard jury instructions respecting a
juror's obligation to judge whether a witness is telling the
truth, and whether any falsehood is deliberate.

Turning now to defendant's ineffective assistance
claim, we have held in People v Turner (5 NY3d 476 [2005]) that
such a claim may be premised on a singular omission by counsel to
secure the dismissal of a time-barred count.  Our conclusion that

Turner had been deprived of effective assistance rested on the

circumstance that the failure of his attorney to raise the

statute of limitations to prevent the submission of manslaughter

as a lesser included offense of murder could not be reconciled

with the attorney's trial strategy; counsel had announced that he

was pursuing an all-or-nothing defense of the murder count and

had actively opposed the prosecutor's request to charge

manslaughter as a lesser included offense because he did "'not

want to give a jury the chance to compromise'" (id. at 478; cf.

People v Evans, 16 NY3d 571, 576 [2011], cert denied sub nom.

Evans v New York, 132 S Ct 325 [2011]; People v Ambers, __ NY3d

__ [decided herewith] [2015][3]).  Counsel's failure to raise the

statute of limitations -- the most certainly efficacious means of

achieving his announced purpose of preventing a compromise

manslaughter verdict -- admitted of no rational explanation, and

it was thus clear that counsel's representation had not met the

relevant standard of objective reasonableness set forth in

---

[3]The possibility that Ambers's counsel chose to allow the
jury to consider certain time-barred misdemeanors in order to
permit a compromise verdict convicting defendant of the
misdemeanors but not the factually related felonies with which
his client had been timely charged, was not possible to discount
on the basis of the trial record (see People v Ambers, __ NY3d __
[2015] [slip opinion at 8-9]).  While Ambers's trial counsel
urged the jury to acquit on all counts and did not affirmatively
seek a compromise verdict, that did not demonstrate a defense
strategy to avoid a compromise verdict, as in Turner, and
accordingly did not prove the absence of a reasonable strategic
rationale for permitting the submission of the misdemeanor
counts.

Strickland v Washington (466 US 668, 668-669 [1984])(see Turner,
5 NY3d at 479-480, 484 ["[o]nce that decision (to gamble on an
outright acquittal) was made, it could not have been rational for
trial counsel to abandon a statute of limitations defense that
would have prevented the (lesser) charge from being submitted"]).
It was also evident that Turner had in consequence of this
representational lapse been prejudiced, having been saddled with
a completely avoidable conviction.

Here, there could have been no strategic purpose for
failing to raise the statute of limitations as against the time-
barred charge.  This is evident not by reason of an announced
election to seek an outright acquittal, as in Turner, but because
the charge's submission was in the context of this prosecution
objectively incapable of enabling any compromise verdict, much
less the particular compromise verdict sought by trial counsel.
In light of the DNA evidence all but irrefutably proving the
trespass component of the charged burglary, a finding of guilt on
the petit larceny count would as a practical matter have dictated
a finding of guilt on the burglary count as well.  Accordingly,
the defense strategy was not, and could not reasonably have been,
to contend that defendant had merely committed petit larceny, but
that he had done no more than trespass, and in that connection to
point out that what he indisputably did within the residence,
i.e., ejaculate on the complainant, was not in 2002 a crime.
Counsel's argument was that his client's intent to engage in

unsavory, but not at the time criminal conduct, could not be used to elevate his trespass to burglary.  It was completely inconsistent with this line of defense to allow the petit larceny count to remain in the indictment, since, as noted, proof of the alleged petit larceny also proved the charged burglary and in so doing operated to preclude the compromise verdict counsel sought convicting defendant only of trespass.

The irreducible fact is that defendant was avoidably convicted of a crime by reason of his attorney's rationally inexplicable failure to have a time-barred count dismissed.  It is true that counsel's lapse in not raising the time-bar defense was not "completely dispositive" of the case, but neither was it in Turner, where counsel's lapse was only completely dispositive of the time-barred manslaughter count; Turner was acquitted on the top, murder count -- a circumstance certainly not traceable to the cited lapse, and not indicative of the sort of pervasive representational failure ordinarily necessary to support an ineffective assistance claim.  We nonetheless granted relief on an ineffective assistance theory with respect to the representation on the manslaughter count because the error in failing to raise the statute of limitations was "clear-cut" and the unraised defense would have been "completely dispositive," albeit only of the manslaughter count (Turner, 5 NY3d at 481).  Recognizing that this was a most unusual application of the ineffective assistance doctrine, we took care to

> "reaffirm . . . that such errors as
> overlooking a useful piece of evidence, or
> failing to take maximum advantage of a
> <u>Rosario</u> violation, do not in themselves
> render counsel constitutionally ineffective
> where his or her overall performance is
> adequate. <u>But neither [of those failings]
> involve[s] the failure to raise a defense as
> clear-cut and completely dispositive as a
> statute of limitations. Such a failure, in
> the absence of a reasonable explanation for
> it, is hard to reconcile with a defendant's
> constitutional right to the effective
> assistance of counsel</u>"

<u>id.</u> at 480-481 [emphasis supplied] [internal citations omitted]).

What we recognized in <u>Turner</u>, even if only implicitly, was that an unreasonable omission to raise a clear-cut defense completely dispositive of a charge for which the defendant was ultimately convicted, should not be subsumed within the "totality" of the representation for purposes of determining the availability of relief for ineffective assistance. The reason for this is not difficult to discern -- we would otherwise countenance time-barred prosecutions enabled solely by objectively unreasonable lapses on the part of defense counsel. This unseemly coincidence, on the one hand of prosecutorial over-reaching and the other of representational neglect, incompatible in its outcome with the legislatively expressed public policy against stale prosecutions (<u>see</u> <u>Toussie v United States</u>, 397 US 112, 114-115 [1970]; <u>People v Seda</u>, 93 NY2d 307, 311-312 [1999]), is not, when it results in an entirely gratuitous, strategically inexplicable conviction, one appropriately shielded from address

under the ineffective assistance rubric by the competent balance of an attorney's representational effort, particularly where, as here, the only relief sought is from the time-barred conviction. Claims such as defendant's, presenting a clear-cut, objectively unreasonable failure by counsel to obtain the dismissal of a time-barred count, instance precisely the sort of breakdown in the adversary process understood in Strickland to be the quintessential ground for and target of an ineffective assistance claim (Strickland v Washington, 466 US at 696). And, under Strickland, it is irrelevant that the omission is not "completely dispositive" of the entire case. All a defendant must show is "that there is" a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (id. at 694 [emphasis added]). It is obvious that this standard is met where an attorney unaccountably allows the submission of a time-barred count for which his client is convicted. Turner, of course, did not articulate a more demanding standard.

The freestanding claim we have recognized, predicated upon a single representational error, is, as we observed in Turner, by its nature extremely limited -- solitary lapses as egregious and demonstrably prejudicial as an attorney's failure to avoid a conviction on a time-barred count are rare, and can be made rarer still by responsible charging practices. Our decisions today and in Turner, then, signal no broad departure

from the ordinarily applicable rule that it is the entire representational effort that should be weighed in judging whether counsel provided constitutionally effective representation.

Accordingly, the order of the Appellate Division should be modified by vacating defendant's conviction on the charge of petit larceny and dismissing that charge in the indictment and, as so modified, affirmed.

People v Davon Harris

No. 164

ABDUS-SALAAM, J.(dissenting):

This Court has made clear on numerous occasions that an attorney may not be found to have rendered ineffective assistance where a reasonable strategy exists to support his or her performance (see People v Barboni, 21 NY3d 393, 406 [2013]; People v Evans, 16 NY3d 571, 575-576 [2011]; People v Satterfield, 66 NY2d 796, 798-799 [1985]). A claim of ineffective assistance of counsel is not an opportunity for courts to "second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (Satterfield, 66 NY2d at 799-800). "A reviewing court must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis'" (People v Benevento, 91 NY2d 708, 715 [1998], quoting People v Baldi, 54 NY2d 137, 146 [1981]). Thus, in view of the totality of defense counsel's representation, the strategies he or she employs need only be reasonable or plausible; we do not require that the strategy be a winning approach. Because in my opinion defendant's trial counsel had a reasonable strategy, I dissent.

In People v Evans, this Court determined that the

- 1 -

defense counsel's decision not to seek dismissal of a time-barred lesser charge in order to provide the jury an opportunity to make a compromise verdict was a reasonable strategy (see 16 NY3d at 576). The facts of this case also present a circumstance where defendant's trial counsel may have strategically intended to give the jury an opportunity to compromise. Defendant was facing a misdemeanor charge of petit larceny (see Penal Law § 155.25) and a felony burglary charge (see Penal Law § 140.25 [2]). Seeking dismissal of the petit larceny charge would likely ensure that defendant, if he were to be convicted at all, would be convicted of a felony. Although the burglary charge was premised upon petit larceny, dismissal of the petit larceny charge would not have ensured that defendant would be acquitted of burglary because evidence of the predicate offense for the burglary, namely the theft, would have been admitted at trial (see People v Ventimiglia, 52 NY2d 350, 359 [1981]; see also United States v Cook, 84 US 168 [1872]). Surely, given the fact that defendant's DNA was recovered at the crime scene, it is quite possible that he would have been convicted of a crime. Facing the significant possibility of defendant's conviction, trial counsel attempted to give the jurors the opportunity to convict defendant of a misdemeanor rather than a felony, which would certainly be a more favorable outcome for defendant, and, thus, I disagree with the majority's assessment that the submission of the petit larceny charge to the jury was "objectively incapable of enabling any

compromise verdict, much less the particular compromise verdict sought by trial counsel" (majority op. at 6).[1]  Furthermore, that counsel's strategy here was not successful should not render him ineffective, especially since he provided defendant with overall meaningful representation (see Benevento, 91 NY2d at 712-713).

Additionally, the majority's remedy undercuts the conclusion that defendant's counsel was ineffective.  Where an attorney is held to have provided ineffective assistance, it is as if the defendant had no representation at all.  Therefore, in cases where we have determined that counsel is ineffective, defendant's conviction has been reversed and a new trial ordered (see People v Wright, 25 NY3d 769 [2015]; People v Oathout, 21 NY3d 127 [2013]; People v Oliveras, 21 BT3d 339 [2013]; People v Zaborski, 59 NY2d 863 [1983]; Baldi, 54 NY2d at 153 [1981]). This is so because counsel's performance must be viewed in its totality to determine whether he or she was ineffective (see Baldi, 54 NY2d at 147).  Thus, counsel's effectiveness or ineffectiveness permeates throughout the entire proceeding and affects every charge against the defendant.  It is, therefore, inconsistent to conclude that counsel here was ineffective in failing to seek dismissal of the petit larceny charge but

---

[1]  I see little distinction between the possible strategy employed in People v Ambers (__ NY3d __ [2015]) and the facts presented here.  In both cases, the strategy employed provided the jury the opportunity to convict the defendant of a misdemeanor rather than a felony.

nonetheless hold that defendant's conviction for burglary may stand, as such a conclusion indicates, that overall, counsel provided defendant meaningful representation.  Contrary to the majority's contention, in People v Turner (5 NY3d 476 [2005]), this Court did not implicitly recognize such a charge by charge analysis and dismissal of the totality standard.  Turner does not reject the application of our totality of the representation test to determine ineffective assistance of counsel; for in Turner we specifically stated that counsel's representation is "viewed in totality" (see id. at 480).  Turner presents a rare expansion of our ineffective assistance of counsel jurisprudence to hold that a single error may support a determination that counsel's overall performance was ineffective.  The majority has expanded Turner by reading into the decision a standard whereby counsel's ineffectiveness may be determined charge by charge, which is wholly inconsistent with our long-standing application of the totality test in these cases.

Despite the majority's implementation of such a peculiar remedy, I believe that on this record defendant was provided overall meaningful representation and there exists grounds to support a plausible and reasonable strategy for counsel's decision not to seek dismissal of the petit larceny charge.  For these reasons, I cannot say that counsel was ineffective.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order modified by vacating defendant's conviction on the charge
of petit larceny and dismissing that charge in the indictment
and, as so modified, affirmed.  Opinion by Chief Judge Lippman.
Judges Rivera, Stein and Fahey concur.  Judge Abdus-Salaam
dissents in an opinion in which Judge Pigott concurs.


Decided November 23, 2015