Abdus-Salaam, J.
(dissenting). This Court has made clear on numerous occasions that an attorney may not be found to have rendered ineffective assistance where a reasonable strategy ex *329 ists to support his or her performance (see People v Barboni, 21 NY3d 393, 406 [2013]; People v Evans, 16 NY3d 571, 575-576 [2011]; People v Satterfield, 66 NY2d 796, 798-799 [1985]). A claim of ineffective assistance of counsel is not an opportunity for courts to “second-guess whether a course chosen by defendant’s counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation” (Satterfield, 66 NY2d at 799-800). “[A] reviewing court must avoid confusing ‘true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis’ ” (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Baldi, 54 NY2d 137, 146 [1981]). Thus, in view of the totality of defense counsel’s representation, the strategies he or she employs need only be reasonable or plausible; we do not require that the strategy be a winning approach. Because in my opinion defendant’s trial counsel had a reasonable strategy, I dissent.
In People v Evans, this Court determined that the defense counsel’s decision not to seek dismissal of a time-barred lesser charge in order to provide the jury an opportunity to make a compromise verdict was a reasonable strategy (see 16 NY3d at 576). The facts of this case also present a circumstance where defendant’s trial counsel may have strategically intended to give the jury an opportunity to compromise. Defendant was facing a misdemeanor charge of petit larceny (see Penal Law § 155.25) and a felony burglary charge (see Penal Law § 140.25 [2]). Seeking dismissal of the petit larceny charge would likely ensure that defendant, if he were to be convicted at all, would be convicted of a felony. Although the burglary charge was premised upon petit larceny, dismissal of the petit larceny charge would not have ensured that defendant would be acquitted of burglary because evidence of the predicate offense for the burglary, namely the theft, would have been admitted at trial (see People v Ventimiglia, 52 NY2d 350, 359 [1981]; see also United States v Cook, 84 US 168 [1872]). Surely, given the fact that defendant’s DNA was recovered at the crime scene, it is quite possible that he would have been convicted of a crime. Facing the significant possibility of defendant’s conviction, trial counsel attempted to give the jurors the opportunity to convict defendant of a misdemeanor rather than a felony, which would certainly be a more favorable outcome for defendant, and, thus, I disagree with the majority’s assessment that the submission of the petit larceny charge to the jury was “objectively incapable of enabling any compromise verdict, much less the particular compromise verdict sought by trial counsel” (majority op at *330 326).* Furthermore, that counsel’s strategy here was not successful should not render him ineffective, especially since he provided defendant with overall meaningful representation (see Benevento, 91 NY2d at 712-713).
Additionally, the majority’s remedy undercuts the conclusion that defendant’s counsel was ineffective. Where an attorney is held to have provided ineffective assistance, it is as if the defendant had no representation at all. Therefore, in cases where we have determined that counsel is ineffective, defendant’s conviction has been reversed and a new trial ordered (see People v Wright, 25 NY3d 769 [2015]; People v Oathout, 21 NY3d 127 [2013]; People v Oliveras, 21 NY3d 339 [2013]; People v Zaborski, 59 NY2d 863 [1983]). This is so because counsel’s performance must be viewed in its totality to determine whether he or she was ineffective (see Baldi, 54 NY2d at 147). Thus, counsel’s effectiveness or ineffectiveness permeates throughout the entire proceeding and affects every charge against the defendant. It is, therefore, inconsistent to conclude that counsel here was ineffective in failing to seek dismissal of the petit larceny charge but nonetheless hold that defendant’s conviction for burglary may stand, as such a conclusion indicates that, overall, counsel provided defendant meaningful representation. Contrary to the majority’s contention, in People v Turner (5 NY3d 476 [2005]), this Court did not implicitly recognize such a charge by charge analysis and dismissal of the totality standard. Turner does not reject the application of our totality of the representation test to determine ineffective assistance of counsel, for in Turner we specifically stated that counsel’s representation is “viewed in totality” (see id. at 480). Turner presents a rare expansion of our ineffective assistance of counsel jurisprudence to hold that a single error may support a determination that counsel’s overall performance was ineffective. The majority has expanded Turner by reading into the decision a standard whereby counsel’s ineffectiveness may be determined charge by charge, which is wholly inconsistent with our long-standing application of the totality test in these cases.
Despite the majority’s implementation of such a peculiar remedy, I believe that on this record defendant was provided *331 overall meaningful representation and there exists grounds to support a plausible and reasonable strategy for counsel’s decision not to seek dismissal of the petit larceny charge. For these reasons, I cannot say that counsel was ineffective.
Judges Rivera, Stein and Fahey concur; Judge AbdusSalaam dissents in an opinion in which Judge Pigott concurs.
Order modified by vacating defendant’s conviction on the charge of petit larceny and dismissing that charge in the indictment and, as so modified, affirmed.

 I see little distinction between the possible strategy employed in People v Ambers (26 NY3d 313 [2015]) and the facts presented here. In both cases, the strategy employed provided the jury the opportunity to convict the defendant of a misdemeanor rather than a felony.