People v Ciancanelli (2019 NY Slip Op 06612)





People v Ciancanelli


2019 NY Slip Op 06612


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-00008
 (Ind. No. 62/16)

[*1]The People of the State of New York, respondent,
v
Patrick H. Ciancanelli, appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered December 9, 2016, convicting him of rape in the second degree (two counts), sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of two counts of rape in the second degree, sexual abuse in the first degree, and two counts of endangering the welfare of a child upon evidence that he touched the vaginas of two victims when they were 10 and 13 years of age, respectively, and had sexual intercourse on two occasions with one of them when she was less than 15 years of age. The defendant was in his thirties at the time.
Contrary to the defendant's contention, the victims' testimony as to their dates of birth and the defendant's own statement of his date of birth to the police were legally sufficient to establish a lack of consent based upon incapacity to consent due to age (Penal Law § 130.05[1], [2][b]; [3][a]; see People v Plass, 160 AD3d 771), and thus to support the defendant's convictions of rape in the second degree (Penal Law § 130.30[1]), sexual abuse in the first degree (Penal Law § 130.65[4]), and endangering the welfare of a child (Penal Law § 260.10).
The defendant received effective assistance of counsel under the state and federal standards (see Strickland v Washington, 466 US 668; People v Turner, 5 NY3d 476; People v Caban, 5 NY3d 143; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court