People v Wright (2025 NY Slip Op 00743)

People v Wright

2025 NY Slip Op 00743

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

53 KA 22-01647

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ABRAIN WRIGHT, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered October 9, 2019. The judgment convicted defendant upon a jury verdict of robbery in the second degree and bribing a witness. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]) and bribing a witness (§ 215.00), defendant contends that he was deprived of effective assistance of counsel because defense counsel failed to request that County Court instruct the jury on robbery in the third degree (§ 160.05) as a lesser included offense of robbery in the first degree. We reject that contention. "[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]). It is well settled, however, that "[t]he determination whether to seek a jury charge on a lesser included offense is a quintessentially tactical determination" (People v Baez, 175 AD3d 982, 985 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]). Here, although a request to charge the jury on robbery in the third degree would have been appropriate inasmuch as there was a reasonable view of the evidence that defendant forcibly stole property without displaying what appeared to be a firearm, defendant "has not demonstrated that the failure to request [such a] charge was other than an acceptable all-or-nothing defense strategy" (People v Rosario, 157 AD3d 988, 994 [3d Dept 2018], lv denied 31 NY3d 1121 [2018] [internal quotation marks omitted]; see People v Collins, 167 AD3d 1493, 1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; People v McFadden, 161 AD3d 1570, 1571 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]). Indeed, it would have been a reasonable strategy for defense counsel to decide not to request robbery in the third degree as a lesser included offense because, without that charge, the chances of defendant being acquitted outright with respect to robbery in the first degree were increased (see Collins, 167 AD3d at 1498; McFadden, 161 AD3d at 1571; see also Baez, 175 AD3d at 985).
Finally, even assuming, arguendo, that defense counsel should have requested robbery in the third degree as a lesser included offense, we note that the failure to request a particular lesser included offense "is not the type of 'clear cut and completely dispositive' error that rises to the level of ineffective assistance of counsel" (People v Harris, 97 AD3d 1111, 1112 [4th Dept 2012], lv denied 19 NY3d 1026 [2012], quoting People v Turner, 5 NY3d 476, 481 [2005]; see McFadden, 161 AD3d at 1571-1572).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court