ORDER
Following disposition of this appeal on April 12, 2010, petitioner-appellant Richard Rosario filed a petition for rehearing and rehearing in banc. Upon consideration by the panel that decided the appeal, the petition for rehearing is DENIED. An active judge requested a poll on whether to rehear the case in banc. A poll *684 having been conducted and there being no majority favoring in banc review, rehearing in banc is hereby DENIED.
Judge Wesley concurs in an opinion joined by Judges Cabranes, Raggi, Hall, and Livingston; Judge Katzmann concurs in a separate opinion; Chief Judge Jacobs dissents in an opinion joined by Judges Pooler, Lynch, and Chin; and Judge Pool-er dissents in a separate opinion.
RICHARD C. WESLEY, Circuit Judge, with whom Judge JOSÉ A. CABRANES, Judge REENA RAGGI, Judge PETER W. HALL, and Judge DEBRA ANN LIVINGSTON join, concurring in the denial of rehearing en banc.
We stand by the panel’s decision in this case and support the Court’s decision not to rehear this case en banc.
As the lead dissent from the denial of rehearing en banc concedes, the New York state standard is more protective of defendants than the federal standard. The New York Court of Appeals has expressed this sentiment in decision after decision. See, e.g., People v. Ozuna, 7 N.Y.3d 913, 915, 828 N.Y.S.2d 275, 861 N.E.2d 90 (2006); People v. Turner, 5 N.Y.3d 476, 480, 806 N.Y.S.2d 154, 840 N.E.2d 123 (2005) (collecting cases). Yet because the state standard could be misapplied to diminish the prejudicial effect of a single error, members of this Court wish to encroach on the province of the state to demand that it reframe its standard for identifying ineffective assistance of counsel to mimic the less protective federal model. I believe such a drastic measure is unnecessary as a matter of law and unwarranted as a matter of comity. As the court’s opinion in this case holds, an attorney error that prejudiced a defendant under the federal standard would necessarily affect the fairness of the process as a whole under the state standard. Thus, to the extent that any state court failed to afford relief for prejudicial error, that oversight would be contrary to both the federal and state standard, and could be dealt with on case by case review.
Certainly the failure that the dissent fears did not occur in this case. As detailed in the court’s opinion, in his assessment of the alibi witnesses at the hearing pursuant to New York Criminal Procedure Law 440.10(1), Justice Davidowitz looked specifically at the possible prejudicial effects of the very error at issue here. He did not minimize the mistake, but instead concluded that the omission of the additional alibi witnesses could not support an inference that, but for that omission, the outcome would have been different. The dissent focuses on but one passage from the state court opinion, arguing that Justice Davidowitz “shifted the focus” away from the error to the performance of counsel overall. The dissent fails to recount the full extent of the state court inquiry. As stated in the court’s opinion:
The [state] court noted that the two alibi witnesses that were presented at trial “had the best reason for remembering why defendant was present in Florida on June 19[,] 1996—the birth of their son—an event that was more relevant for them than the events relied upon by the other witnesses.” He expressed skepticism as to the probative value of the witnesses presented at the hearing, calling the evidence “in some cases questionable and in others [raising] issues which could have created questions for a deliberating jury. For example, two of the witnesses'—Lisette Rivero[ ] and Denise Hernandez—could not say where the defendant was on June 19 and 20.” The judge “studied closely” the alibi witnesses presented at the hearing, and concluded they were “for the most part, questionable and certainly not as persuasive as the two witnesses who did testify, and were rejected by the jury” and the testimony they would have pro *685 vided was “largely” cumulative. In spite of the failure to call the alibi witnesses, Justice Davidowitz determined “this jury verdict was unimpeached and amply supported by the evidence.” (internal quotation marks omitted and emphasis added).
Rosario v. Ercole, 601 F.3d 118, 127 (2d Cir.2010).
That said, I agree with the dissent that New York state courts would be wise to engage in separate assessments of counsel’s performance under both the federal and the state standards. See, e.g., People v. McNeill, 73 A.D.3d 504, 899 N.Y.S.2d 840, 841 (1st Dep’t 2010). Such an exercise would ensure that the prejudicial effect of each error is evaluated with regard to outcome, and would guarantee that defendants get the quality of overall representation guaranteed under New York state law. This vigilance will also alleviate the risk that the federal courts will force state courts to abandon New York’s generous standard for one akin to the more restrictive federal model.