[944 NE2d 1139, 919 NYS2d 500]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH CUMMINGS, Appellant.

Argued January 12, 2011; decided February 24, 2011

**APPEARANCES OF COUNSEL**

*Office of the Appellate Defender*, New York City (*Eunice C. Lee* and *Richard M. Greenberg* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Lindsey M. Kneipper* and *Dana Poole* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The Appellate Division order should be affirmed.

After a trial by jury, defendant was convicted of one count of burglary in the second degree and two counts of criminal possession of a weapon in the third degree in connection with his theft of two loaded pistols from a Manhattan police precinct. Defendant argues on appeal that his trial counsel was ineffective for failing to challenge the legal sufficiency of the People's proof on the second degree burglary conviction on the ground that a police precinct containing dormitories for overnight use is not a "dwelling." A conviction of second degree burglary under Penal Law § 140.25 (2) requires proof that the defendant entered or remained unlawfully in a dwelling. A building is considered a dwelling if it is "usually occupied by a person lodging therein at night" (Penal Law § 140.00 [3]). In *People v Barney* (99 NY2d 367, 371-372 [2003]), we explained that "[b]y using the phrase 'usually occupied' to define dwelling, the Legislature clearly intended to enact a flexible standard." Accordingly, there is no requirement that the building "must always be a home or what would normally be considered a residence" (*People v Quattlebaum*, 91 NY2d 744, 748 [1998]).

The core of our inquiry in reviewing ineffective assistance of counsel claims is whether counsel's performance "viewed in totality" amounts to "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Moreover, our case law in this area emphasizes that our Constitution "guarantees the accused a fair trial, not necessarily a perfect one" (*People v Benevento*, 91 NY2d 708, 712 [1998]). Thus, in order to prevail on a claim of ineffective assistance of counsel based on a single error or omission, a defendant must demonstrate that the error was "so egregious and prejudicial" as to deprive defendant of a fair trial (*People v Turner*, 5 NY3d 476, 480 [2005] [internal quotation marks omitted]).

Here, the record demonstrates that defendant's counsel provided competent and meaningful representation throughout the proceedings, which included an unsuccessful pretrial attempt to dismiss the second degree burglary charge based on the dwelling argument. Further, to buttress their position that the police precinct met the statutory standard of a dwelling, the People submitted additional evidence at trial that was not before the grand jury (*see e.g. People v Parilla*, 8 NY3d 654, 660 [2007]). Viewing the performance in totality, we conclude that counsel's failure to renew the dwelling argument at the close of the People's case was not so egregious as to deprive defendant of a fair trial.

Chief Judge L<small>IPPMAN</small> and Judges C<small>IPARICK</small>, G<small>RAFFEO</small>, R<small>EAD</small>, S<small>MITH</small>, P<small>IGOTT</small> and J<small>ONES</small> concur.

Order affirmed, in a memorandum.