16-2471-pr
*Schouenborg v. Superintendent Auburn Corr. Facility*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand seventeen.

PRESENT:
>PETER W. HALL,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges,*
>LAURA TAYLOR SWAIN,*
>>*District Judge.*

_____

TERRENCE P. SCHOUENBORG,

>*Petitioner-Appellant,*

>v.                                                                16-2471-pr

SUPERINTENDENT AUBURN CORRECTIONAL FACILITY,

>*Respondent-Appellee.*

_____

---

\* Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

| | |
|---|---|
| For Appellant: | RICHARD LEVITT, Levitt & Kaizer, New York, NY. |
| For Appellee: | GUY ARCIDIACONO, Assistant District Attorney, *for* Thomas J. Spota, District Attorney of Suffolk County, Riverhead, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Terrence Paul Schouenborg ("Schouenborg") was convicted by a New York state jury of multiple counts of sodomy, sexual abuse, and endangering the welfare of a child in violation of various New York Penal Laws. He was subsequently sentenced to a term of 22 years to life. Following the denial of his direct appeal and motion to vacate his conviction in state court, Schouenborg filed a petition for habeas corpus under 28 U.S.C. § 2254(d) in the United States District Court for the Eastern District of New York, which was ultimately denied. This Court granted a certificate of appealability as to the following issue: "whether Schouenborg's trial counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to move to reopen the *Wade* hearing after [the victim] testified that, prior to identifying Schouenborg in a lineup, a police detective told her to 'pick . . . out' and 'recognize' one of the lineup

2

participants." We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant a writ of habeas corpus for a claim that has been adjudicated on the merits by a state court if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). We review *de novo* a district court's denial of a habeas corpus petition. *Jones v. West*, 555 F.3d 90, 95 (2d Cir. 2009).

"To succeed on a claim of ineffective assistance of counsel in violation of the Sixth Amendment . . . a defendant must demonstrate (1) that his attorney's performance 'fell below an objective standard of reasonableness,' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (citations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015).

When a federal court reviews a state court decision under § 2254, "[t]he question is not whether a federal court believes the state court's determination

3

under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted); *see also Henry v. Poole*, 409 F.3d 48, 67 (2d Cir. 2005) ("[A] state prisoner seeking a federal writ of habeas corpus on the ground that he was denied effective assistance of counsel must show more than simply that he meets the *Strickland* standard. . . . [T]he state court's decision rejecting his claim is to be reviewed under a more deferential standard than simply whether that decision was correct."). Because the application of *Strickland* requires "a substantial element of judgment" on the part of the state court, *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), state courts are allowed "even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123. "In order to prevail [on a §2254 petition], a petitioner must overcome that substantial deference and establish that the state court's decision on ineffective assistance was contrary to, or an unreasonable application of, *Strickland*." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010).

Schouenborg asserts that, because the state court applied the New York "meaningful representation" standard for ineffective assistance of counsel, *People v. Benevento*, 697 N.E.2d 584, 587 (N.Y. 1998), rather than the federal standard articulated in *Strickland*, we should not afford the state court's decision any deference. [Reply Br. at 1.] Our precedent is clear, however, that "the New York state standard for ineffective assistance of counsel is not contrary to *Strickland*." *Rosario*, 601 F.3d at 126. Thus, to obtain habeas relief, Schouenborg must

4

demonstrate that the state court unreasonably applied *Strickland*. "A state court 'unreasonably applies' clearly established law when it identifies the correct legal principle from Supreme Court jurisprudence, but unreasonably applies the principle to the case before it." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)).

Here, the state court's application of *Strickland*—albeit in terms of the New York standard—was not an unreasonable application of the federal standard. The state court rejected Schouenborg's ineffective assistance of trial counsel claim because it found that, under the circumstances, Schouenborg had not demonstrated that trial counsel's "strategy" not to move to reopen the *Wade* hearing deprived him of "meaningful representation." App'x at 39. Schouenborg contends that trial counsel was ineffective in not moving to reopen the *Wade* hearing because the victim's trial testimony as to the instructions she was given prior to the lineups indicates that the lineups might have been unduly suggestive.[1] Even if the testimony indicated sufficient reason to reopen the *Wade* hearing, there is nonetheless a reasonable probability that evidence of the lineups would not have been suppressed on the basis of independent reliability. *See Raheem v. Kelly*, 257 F.3d 122, 135 (2d Cir. 2001) (noting that the court must "weigh the corrupting effect of the suggestive[ness] against other factors indicating that the identification may

---

[1] S.V. testified at trial that Detective Brittelli instructed her that "[t]here's going to be five men standing. And you're going to have to pick one. And why do you recognize him." App'x at 80. When asked "did the detective tell you you're going to have to pick one?" she relied "Yes. No." App'x at 80. These statements certainly implicate the *potential* suggestiveness of the proceeding, but concerns may have been somewhat mitigated by S.V.'s apparent understanding that she would have to recognize of the men in order to identify him, as well as her hesitation about the exact phrasing of Detective Brittelli's instruction.

be independently reliable.").  Given the exceedingly deferential standard under which we review state court decisions in considering habeas petitions, we cannot conclude that the state court here unreasonably applied *Strickland*.  *See Lynn v. Bliden*, 443 F.3d 238, 250 (2d Cir. 2006) (holding that state court's determination that counsel was not ineffective in failing to move to reopen *Wade* hearing was not objectively unreasonable).

We have considered all of Schouenborg's remaining arguments on appeal and determine they are without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
