People v Sherman (2020 NY Slip Op 02391)





People v Sherman


2020 NY Slip Op 02391


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


50 KA 16-01177

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARL I. SHERMAN, DEFENDANT-APPELLANT.






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 4, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of two counts each of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and reckless endangerment in the first degree (§ 120.25), defendant contends that he was denied effective assistance of counsel and that the verdict is against the weight of the evidence. We reject those contentions.
With respect to the former contention, defendant cites to a single comment by defense counsel during voir dire. When asked by a prospective juror why a defendant might not testify, defense counsel initially responded that it was because "the Constitution says you don't have to testify." He then said, "[n]o one has to incriminate themselves." According to defendant, the latter statement, standing alone, was so damaging as to deprive him of effective assistance of counsel.
"[I]n order to prevail on a claim of ineffective assistance of counsel based on a single error or omission, a defendant must demonstrate that the error was so egregious and prejudicial' as to deprive defendant of a fair trial" (People v Cummings, 16 NY3d 784, 785 [2011], cert denied 565 US 862 [2011]; see People v Hobot, 84 NY2d 1021, 1022 [1995]). "The test is reasonable competence, not perfect representation' " (People v Oathout, 21 NY3d 127, 128 [2013]). Here, we conclude that defense counsel's challenged statement, although unwise, was not so prejudicial to defendant as to deprive him of a fair trial, especially considering that the challenged statement was preceded and followed by defense counsel's correct statements of law concerning a defendant's rights and the People's burden of proof. Thus, although defense counsel's representation was not perfect, viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
We also reject defendant's contention that the verdict is contrary to the weight of the evidence. Based on the evidence at trial, which included surveillance video and defendant's own statements to police, it is undisputed that defendant was engaged in a verbal altercation with the two victims at the date and time that shots were fired. The two victims identified defendant as the shooter, but the video does not establish the identity of the person who fired the shots. Nevertheless, bullet casings were found near defendant's house, and bullet holes and a bullet were found in the path that bullets would have taken if they were being fired from defendant's [*2]house toward the victims' residence. Where, as here, the credibility of the witnesses "is of paramount importance to the determination of guilt or innocence, [we] must give [g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005], quoting People v Bleakley, 69 NY2d 490, 495 [1987]), because the fact-finder can "see and hear the witnesses [and] can assess credibility and reliability in a manner that is far superior to that of reviewing judges[,] who must rely on the printed record" (People v Lane, 7 NY3d 888, 890 [2006]).
In our view, the " [i]ssues of credibility . . . , including the weight to be given the backgrounds of the People's witnesses and [any] inconsistencies in their testimony, were properly considered by the jury and there is no basis for disturbing its determinations' " (People v Baez, 175 AD3d 982, 986 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]; see People v Cross, 174 AD3d 1311, 1315 [4th Dept 2019], lv denied 34 NY3d 950 [2019]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court