People v Richardson (2022 NY Slip Op 03605)

People v Richardson

2022 NY Slip Op 03605

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

247 KA 19-00514

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GAJUAN RICHARDSON, DEFENDANT-APPELLANT. 

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), entered April 20, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) for fatally shooting the victim, who at the time was in a vehicle that was stopped at an intersection. According to the People, defendant was in the front passenger seat of a green Ford Explorer that pulled up alongside the victim's vehicle and he fired six shots, striking the victim once in the chest. Defendant contends that his attorney was ineffective for failing to request a missing witness charge for two people who were in the vehicle with the victim when he was shot but who did not testify at trial. We reject that contention inasmuch as there is no indication in the record that the witnesses, both of whom refused to cooperate with the police, were in the People's control, and thus the request would have had little chance of success (see People v Trowell, 172 AD3d 1112, 1113 [2d Dept 2019], lv denied 33 NY3d 1074 [2019]; People v Smith, 157 AD3d 978, 982 [3d Dept 2018], lv denied 31 NY3d 1078 [2018]; see generally People v Wilson, 120 AD3d 1531, 1534 [4th Dept 2014], affd 28 NY3d 67 [2016], rearg denied 28 NY3d 1158 [2017]).
Even assuming, arguendo, that there was a legal basis for County Court to give a missing witness charge, defense counsel's failure to request the charge, standing alone, was not " 'so egregious and prejudicial' as to deprive defendant of a fair trial" (People v Cummings, 16 NY3d 784, 785 [2011], cert denied 565 US 862 [2011], quoting People v Turner, 5 NY3d 476, 480 [2005]; see generally People v Sherman, 182 AD3d 987, 988 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]). Viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of representation, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that the court erred in admitting in evidence a firearm, which the People alleged was the murder weapon, on the ground that it was not relevant to any material issue. We reject that contention. "Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (People v Scarola, 71 NY2d 769, 777 [1988]). Here, the firearm at issue contained a latent print that matched defendant's palm print, and a prosecution witness testified that defendant admitted to him that defendant used that gun to shoot the victim. In our view, evidence that defendant's palm print was on the firearm when it was found by the police several weeks after the shooting is relevant because it links him to the murder weapon. We further conclude that the probative value of the evidence "is not outweighed by any undue prejudice to defendant" (People v Carlson, 184 AD3d 1139, 1140 [4th Dept 2020], lv [*2]denied 35 NY3d 1064 [2020]; see generally Scarola, 71 NY2d at 777).
Defendant contends that the court also erred in admitting in evidence a ski mask seized by the police from the Ford Explorer shortly after the shooting. That contention is not preserved for our review because defendant failed to object to the admission in evidence of the ski mask at trial (see CPL 470.05 [2]). In any event, the contention lacks merit. The mask constituted relevant evidence because it had traces of defendant's DNA on it and was found by the police in the Explorer between the center console and the front passenger seat, where the person who fired the shots was located, and its probative value is not outweighed by its prejudicial effect (see generally Scarola, 71 NY2d at 777).
Defendant next contends that the court erred in playing for the jury recordings of telephone calls that he and his codefendant made from their respective prisons to the same woman at the same time, thus enabling them to communicate with each other through the intermediary. According to defendant, significant portions of the recordings are inaudible, leaving the jury to speculate as to what was said and by whom. Because defendant did not object to the recordings on the ground that they were inaudible or would invite jury speculation, he failed to preserve his contention for our review (see CPL 470.05 [2]; People v Perez, 165 AD3d 1294, 1295 [2d Dept 2018], lv denied 32 NY3d 1208 [2019]).
In any event, an audio "recording must be excluded from evidence only if it is so inaudible and indistinct that the jury would have to speculate concerning its contents" (People v Lopez, 119 AD3d 1426, 1428 [4th Dept 2014], lv denied 25 NY3d 990 [2015] [internal quotation marks omitted]). Here, although there are some words on the recordings that are indecipherable, the relevant conversation is clear. Because "the transactions [could] be generally understood by the jury," any minor problems with audibility went "to the weight of the evidence and not to its admissibility" (People v Lewis, 25 AD3d 824, 827 [3d Dept 2006], lv denied 7 NY3d 791 [2006]; see People v McCaw, 137 AD3d 813, 815 [2d Dept 2016], lv denied 27 NY3d 1071 [2016]). Under the circumstances, we conclude that the court did not abuse its discretion in admitting the recordings of the telephone calls in evidence (see People v Dalton, 164 AD3d 1645, 1646 [4th Dept 2018], lv denied 32 NY3d 1170 [2019]).
There is similarly no merit to defendant's contention that the court should have granted his request to admit in evidence a video found on the victim's cell phone. The video was taken 11 minutes before he was killed, and it indicates that he possessed a gun. Although such evidence would be relevant if defendant had pursued a justification defense, he did not do so, and there was no evidence that defendant or codefendant acted in self-defense. The court therefore properly excluded the video on the ground that it did not "tend[] to prove the existence or non-existence of a material fact, i.e., a fact directly at issue in the case" (People v Primo, 96 NY2d 351, 355 [2001]; see People v Lawhorn, 21 AD3d 1289, 1291 [4th Dept 2005]).
Defendant's contention that the evidence is not legally sufficient to support the conviction is preserved for our review only with respect to the issue of identity (see generally People v Gray, 86 NY2d 10, 19 [1995]), and we reject that contention (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court