People v Hayward (2024 NY Slip Op 05243)

People v Hayward

2024 NY Slip Op 05243

Decided on October 24, 2024

Court of Appeals

Troutman

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 24, 2024

No. 83 

[*1]The People & c., Respondent,
v
Codie Hayward, Appellant.

Kristin Bluvas, for appellant.
Bridget Rahilly Steller, for respondent.

TROUTMAN, J.

Defendant contends that his trial counsel was ineffective for failing to move to suppress the physical evidence recovered by police during the execution of the search warrant on the ground that the police violated the knock-and-announce rule when executing the warrant. We disagree.
We have recognized that a single error in an otherwise competent performance may be sufficiently "egregious and prejudicial as to deprive a defendant of [the] constitutional right to effective legal representation" (People v Keschner, 25 NY3d 704, 723 [2015] [internal quotation marks omitted]; see also e.g. People v Watkins, — NY3d &mdash, 2024 NY Slip Op 02842, *3 [May 23, 2024]; People v McGee, 20 NY3d 513, 518 [2013]; People v Turner, 5 NY3d 476, 480-481 [2005]). To "rise to that level," however, defense counsel's omission "must typically involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it must be evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy" (McGee, 20 NY3d at 518; see also Watkins, 2024 NY Slip Op 02842, at *3; People v Espinosa, 40 NY3d 1065, 1066 [2023]; Keschner, 25 NY3d at 723).
That standard is not satisfied if the "omitted argument was not so compelling that a failure to make it amounted to ineffective assistance of counsel" (Keschner, 25 NY3d at 723 [internal quotation marks omitted]). We have stated that counsel is not ineffective when the success of the argument the defendant claims should have been made by counsel "depended on the resolution of novel questions" (Watkins, 2024 NY Slip Op 02842, *3), or when, at [*2]the time of the defendant's trial, "there was no clear appellate authority" supporting the argument the defendant claims that counsel should have made (People v Saenger, 39 NY3d 433, 442 [2023]).
The United States Supreme Court has held that a violation of the knock-and-announce rule by police when executing a search warrant does not require the application of the exclusionary rule under the Federal Constitution (see generally Hudson v Michigan, 547 US 586 [2006]). Defendant acknowledges that no New York appellate decision has decided to the contrary, either by distinguishing Hudson, on the basis of the New York Constitution, or otherwise. Indeed, defendant concedes that the issue is novel. We need not and do not resolve the merits of that question on this appeal. We merely hold that the issue was not so clear-cut and dispositive that no reasonable defense attorney would have failed to assert it, and therefore "defendant's claim of ineffective assistance must fail" (Saenger, 39 NY3d at 442; see Keschner, 25 NY3d at 724).
Our concurring colleagues' reliance on concurring and dissenting opinions in the Second Circuit is puzzling, for three reasons. First, no party to this appeal has argued, either before this Court or the Appellate Division, that New York's single-error standard for ineffective assistance of counsel is irreconcilable with the federal standard or should no longer be followed.
Second, the concern expressed in the concurring and dissenting opinions in both Rosario v Ercole (601 F3d 118 [2d Cir 2010]) and the denial of en banc rehearing in that case (617 F3d 683 [2d Cir 2010]) was that the state standard could "act to deny relief despite an egregious error from counsel so long as counsel provides an overall meaningful representation" (617 F3d at 688 [Pooler, J., dissenting from denial of rehearing en banc]). But as our cases demonstrate, a single, sufficiently egregious and prejudicial error will constitute ineffective assistance of counsel, despite an otherwise competent performance (see e.g. Keschner, 25 NY3d at 723). In cases decided after Rosario, the Second Circuit has repeatedly acknowledged that our state standard for ineffective assistance of counsel "is not contrary to Strickland" (Schouenborg v Superintendent, Auburn Correctional Facility, 707 Fed Appx 20, 22 [2d Cir 2017] [internal quotation marks omitted]; see e.g. Cummings v LaValley, 582 Fed Appx 49, 50-51 [2d Cir 2014]; Brown v Ercole, 563 Fed Appx 821, 823-824 [2d Cir 2014]). Indeed, in Rosario itself, Judge Wesley, writing for the majority, correctly reasoned that if a court misunderstood "the New York standard and look[ed] past a prejudicial error as long as counsel conducted himself in a way that bespoke of general competency throughout the trial," it "would produce an absurd result inconsistent with New York constitutional jurisprudence and the mandates of Strickland" (Rosario, 601 F3d at 126). The concurrence fails to demonstrate that the widespread misunderstanding of our single-error standard of which federal jurists warned in the nearly 15-year-old Rosario decision has since come to pass.
Third, no such misunderstanding has occurred here. We have not relied to any extent on counsel's overall competent performance, which defendant does not dispute, but instead hold that counsel's single alleged failure did not constitute ineffective assistance because the omitted argument was "not so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (Saenger, 39 NY3d at 442 [internal quotation marks omitted]). Our concurring colleagues acknowledge that meaningful representation does not require counsel to raise "every conceivable claim" (concurring op at 7). But there is nothing to indicate that "counsel's failure to seek suppression under the State Constitution based upon a violation of the knock-and-announce requirement" was "sufficiently foreshadowed in existing case law" (concurring op at 6-7).
Defendant's legal sufficiency contention is unpreserved for appellate review, and we have no power to review his contention that the verdict is against the weight of the evidence. The trial court did not err in holding that evidence that defendant had completed an uncharged drug sale hours before the search warrant was executed was relevant to defendant's constructive possession and intent to sell the drugs found in the apartment during execution of the search warrant (cf. People v Telfair, 41 NY3d 107, 114-117 [2023]). The uncharged sale occurred in the same apartment in which police subsequently recovered the drugs defendant was charged with possessing. To the extent defendant challenges the trial court's limiting instruction to the jury on that issue, he failed to preserve that contention for appellate review.
Accordingly, the order of the Appellate Division should be affirmed.

RIVERA, J. (concurring):

I generally agree with the majority's disposition of defendant's challenges to his conviction. However, I would dispose of defendant's ineffective assistance of counsel claim based on the inadequacy of the record on that issue, rather than on the merits. We have done the same in the past and I see no reason to deviate from that approach in this appeal.
***
Defendant was convicted on one count of possession of heroin with intent to sell and one count of possession of cocaine, after police recovered drugs and drug paraphernalia seized during a search of an apartment where defendant and several other persons were arrested. Defense counsel sought suppression of the seized items on the grounds that the warrant was inaccurate and unreliable. It is undisputed that defense counsel did not raise a claim that the warrant was executed without notice before entry in violation of CPL 690.50 (1). As relevant to this appeal, defendant argued before the Appellate Division that this failure, among others, deprived him of effective representation, in violation of the state and federal constitutions. A divided Appellate Division rejected this claim (see 213 AD3d 989 [3d Dept 2023]).
When a defendant claims on direct appeal that they have been deprived of the effective assistance of counsel, but the record is insufficient to decide the issue, the Court usually rejects the claim without prejudice to the defendant raising it in a CPL 440.10 proceeding (see e.g. People v Sims, 41 NY3d 995, 996 [2024]; People v Henderson, 28 NY3d 63, 66 [2016]; People v Brown, 45 NY2d 852, 853-854 [1978]). Moreover, we are bound by the Appellate Division's factual findings so long as they have record support (see e.g. People v Garvin, 30 NY3d 174, 184 [2017]; Arthur Karger, Powers of the NY Court of Appeals § 16:3). Here, the Appellate Division majority had to choose among three possible interpretation of the record: (1) the officers announced themselves before entering the apartment; (2) the officers failed to make themselves known before breaking through the door; or (3) this factual question could not be resolved on the record. The Appellate Division concluded that defendant had "failed" to fulfill his "obligation to establish that a no-knock violation occurred in the first place" because his position was "based solely on conjecture" (Hayward, 213 AD3d at 993). The majority explained that the record was silent as to the officers' actions prior to entry and "without resort to inappropriate speculation, it simply cannot be concluded from the record . . . that the police failed to knock and announce their presence before forcefully entering the apartment" (id.). Whether read as a finding that the officers announced themselves before entering or as a determination that the question could not be resolved, the Appellate Division majority's interpretation has record support.[FN1] Thus, defendant failed to carry his burden and his ineffective assistance of counsel claim fails.
Our analysis should end here. However, the majority in this Court goes further and states that where a defendant identifies only a single error as the basis for an ineffective-assistance claim, "defense counsel's omission 'must typically involve an issue that is so clear-cut and dispositive that no reasonable defense counsel would have [*3]failed to assert it' " (majority op at 2, quoting People v McGee, 20 NY3d 513, 518 [2013], and citing People v Watkins, — NY3d &mdash, 2024 NY Slip Op 02842, *3 [May 23, 2024]; People v Espinosa, 40 NY3d 1065, 1066 [2023]; People v Keschner, 25 NY3d 704, 723 [2015]). The Court has used this language in the past, including in the cases cited by the majority.
As these cases explain, our State Constitution requires that counsel provide "meaningful representation" (see e.g. Watkins, 2024 NY Slip Op 02842, *5 [internal quotation marks omitted]). Our standard is more protective than the federal rule established in Strickland v Washington, which requires that a defendant establish both that their counsel's performance was not "reasonable considering all the circumstances" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (466 US 668, 688, 694 [1984]).
Several federal jurists have warned that some New York courts might apply our meaningful-representation standard in single-error cases in a manner that does not meet Strickland's minimum requirements (see e.g. Henry v Poole, 409 F3d 48, 71 [2d Cir 2005], recognized as abrogated on other grounds by Englert v Lowerre, 115 F4th 69, 83 n 13 [2d Cir 2024]; Rosario v Ercole, 617 F3d 683, 685 [2d Cir 2010] [Jacobs, J., dissenting from denial of rehearing en banc]; id. at 688 [Pooler, J., dissenting from denial of rehearing en banc]; Rosario v Ercole, 601 F3d 118, 138 [Straub, J., concurring in part]; see also Rosario, 617 F3d at 685 [Katzmann, J., concurring in denial of rehearing en banc]). Even those who have concluded that the state and federal standards may be harmonized, and that our state standard is not contrary to Strickland, have recognized the potential for constitutional error and suggested that it "would be wise to engage in separate assessments of counsel's performance under both the federal and the state standards" to avoid any confusion (id. at 685 [Wesley, J., concurring in denial of rehearing en banc]; see also id. at 685 [Katzmann, J., concurring in the denial of rehearing en banc] [same]; Rosario, 601 F3d at 125-26 [Wesley, J.]).
As identified by these jurists, the central problem is that our standard may be misread to deny any constitutional defect where defense counsel makes but one error, even a serious one, in an otherwise-competent representation (see e.g. Rosario, 617 F3d at 685 [Jacobs, J., dissenting from denial of rehearing en banc] ["(T)he New York test averages out the lawyer's performance while Strickland focuses on any serious error and its consequences"]; id. at 687 ["(M)embers of this Court entertain serious disquiet that in the courts of New York the gravity of individual mistakes may be submerged in an overall assessment of effectiveness, in a way that violates the federal Constitution"]; id. at 688 [Pooler, J., dissenting from denial of rehearing en banc] ["The (New York) standard can act to deny relief despite an egregious error from counsel so long as counsel provides an overall meaningful representation. This is contrary to Strickland"]). Under Strickland, by contrast, if defense counsel's unprofessional error was prejudicial, they would be found ineffective under the Sixth Amendment "even if defense counsel had performed superbly throughout the bulk of the proceedings" and even if counsel was deficient "only for a moment and not deliberately" (Rosario, 601 F3d at 138 [Straub, J., concurring in part]). Indeed, to "rel[y]" upon "counsel's competency in all other respects" besides the error is to "fail[] to apply the Strickland standard at all" (Henry, 409 F3d at 72 [internal quotation marks omitted]). As Judge Wesley, a former member of our Court, has observed: New York's standard "has, to some degree, combined the two prongs of Strickland," thereby "creat[ing] a danger that some courts might misunderstand the New York standard and look past a prejudicial error as long as counsel conducted [themselves] in a way that bespoke of general competency throughout the trial" (Rosario, 601 F3d at 125-126). Such an approach, Judge Wesley explained, "would produce an absurd result inconsistent" with both the New York and Strickland standards (id. at 126).
In stretching to reject defendant's claim on the merits, the majority risks encouraging the very misreading against which federal jurists have warned. The majority "hold[s] that counsel's single alleged failure did not constitute ineffective assistance because the omitted argument was 'not so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it' " (majority op at 5, quoting People v Saenger, 39 NY3d 433, 442 [2023]). We are left to wonder whether counsel's failure to seek suppression under the State Constitution based upon a violation of the knock-and-announce requirement was "reasonable considering all the circumstances" and whether counsel's error, if any, was prejudicial (Strickland, 466 US at 688; see id. at 694). We thus cannot be certain that defense counsel's performance satisfied federal minima, let alone New York's more-rigorous standard.
This case illustrates the dangers of such uncertainty. The Appellate Division invoked the "totality" of counsel's performance as counterbalancing counsel's omission (Hayward, 213 AD3d at 994)—precisely what Judge [*4]Wesley and others have criticized.[FN2]
On appeal to this Court, the prosecution echoed that flawed reasoning. Similarly troubling is the majority's suggestion that the omitted basis for suppression was not "compelling" because it depended upon the resolution of a "novel" legal issue (majority op at 2 [internal quotation marks omitted]). To be sure, "meaningful representation" does not mean raising every conceivable claim (see e.g. People v Turner, 5 NY3d 476, 480-481 [2005]). But some federal courts of appeals have already recognized that, even under Strickland, counsel may be "obliged to make, or at least to evaluate, an argument that was sufficiently foreshadowed in existing case law" (Leeds v Russell, 75 F4th 1009, 1020 [9th Cir 2023], quoting Bridges v. United States, 991 F3d 793, 804 [7th Cir 2021] [internal quotation marks omitted and alteration incorporated]; cf. People v Cabrera, 41 NY3d 35, 48 [2023] [requiring preservation where, among other things, arguments raised on appeal "were not unanticipated at the time of (defendant's) trial"]). Effective advocacy under the New York Constitution might well require lawyers to advance some less-than-clear-cut claims. Moreover, where defense counsel makes a mistaken choice without a strategic basis that denies a defendant a fair trial, then regardless of whether counsel's representation was otherwise competent, the defendant has been denied meaningful representation. We must be vigilant, lest the "typical[ ]" single-error standard morph into a misguided per se rule (majority op at 2 [internal quotation marks omitted]).[FN3]
The longer we wait, the greater the danger that, rather than properly treating our standard for ineffective assistance of counsel claims as "more protective than the Federal standard," more courts will misapply it with the absurd result of providing less protection than Strickland (People v Debellis, 40 NY3d 431, 436 [2023] [emphasis added]). In an appropriate case, we should address directly the "serious disquiet" among federal judges about the misapplication of our single-error standard (Rosario, 617 F3d at 685 [Jacobs, J., dissenting from denial of rehearing en banc]).
Order affirmed. Opinion by Judge Troutman. Judges Garcia, Singas and Cannataro concur. Judge Rivera concurs in result in an opinion, in which Chief Judge Wilson and Judge Halligan concur.
Decided October 24, 2024

Footnotes

Footnote 1: Nor may we consider whether counsel was ineffective for failing to develop the record, because defendant has made no such argument. Instead, he based his challenges in the Appellate Division and before us on the premise that the record clearly establishes a violation of CPL 690.50.

Footnote 2:Other decisions give cause for similar concerns (see e.g. People v Tirado, 221 AD3d 834, 834-835 [2d Dept 2023], lv to appeal denied, 41 NY3d 967 [2024]; People v Sherman, 182 AD3d 987, 988 [4th Dept 2020]; see also People v McGee, 20 NY3d 513, 518 [2013]).

Footnote 3: People v Watkins does not control here. That case does not stand for the broad proposition that defense counsel can never be ineffective for failing to raise an issue, merely because that issue may be characterized as "novel" (Watkins, 2024 NY Slip Op 02842, *6).